Phineas Nixon, Sr., owned a tract of land (2) to which the plaintiff alleged he had acquired title under a sale for taxes. After the death of the said Phineas, his executors, Phineas, Jr., Barnabas Nixon, in behalf of their testator's estate, proposed to buy the claim of the plaintiff; and $50 was finally agreed on as the price. The contract was closed by a letter from Phineas Nixon to the plaintiff, in which he says: "Thou may'st consider this as our promise to pay thee $50 for thy quit-claim belonging to the estate of our father." Signed, "Phineas Nixon, exr. of Phineas Nixon, dec'd."
Phineas Nixon, Jr., afterwards died, and the defendants administered upon his estate. The plaintiff called on the defendant Barnabas for the $50, and told him he was ready to execute *Page 14 
the quit-claim deed, if he knew to whom to make it, and asked who were the persons entitled as heirs of Phineas Nixon, Sr., and to whom he should make the deed. The defendant refused to pay the money and declined giving the information requested. The plaintiff then issued a warrant for the $50. His (3) Honor was of the opinion that the plaintiff had not made out a case. In this there was error.
The payment of the money and the execution of the deed were concurrent acts; and the plaintiff was not entitled to the money until he had performed, or offered to perform, his part of the agreement.
As a general rule, it is the duty of the vendor to prepare the deed and deliver, or offer to deliver it, to the vendee, this being embraced in what he has agreed to do in consideration of the price. The case is different in England, in consequence of the peculiar circumstances existing in that country which make conveyances extremely complicated. Those circumstances do not exist here, and we are governed by the rule that each party must do or offer to do all he has undertaken before he can require performance of the other. The preparation of the deed is considered a part of the vendor's undertaking, unless the terms of the contract furnish an inference to the contrary. When the land to be conveyed and the person to whom the deed is to be made are certain, so that the vendor knows how to make it, it is his duty to do it; but when the contract is general and the person to whom the vendor may wish the deed made is not ascertained, then it is the duty of the vendee to prepare the deed, or at all events to give the vendor such information as will enable him to do it. This is necessarily implied from the fact that the contract is left open in this particular; for otherwise the vendor would be required to do an impossibility, and the refusal of the vendee to give this information, which lies within his knowledge, evinces a desire on his part to have a pretext for avoiding his contract.
In this case the contract was made in behalf of those who were entitled to the land as devisees or heirs of Phineas Nixon, Sr. The plaintiff is not presumed to know them, but (4) the fact is within the knowledge of the defendants. It was their duty to give the information; by withholding it they put it out of the power of the plaintiff to make the deed. They cannot take advantage of their own wrong, and thus escape from the performance of a contract of their intestate.
PER CURIAM. There must be a venire de novo.
Cited: Gwathney v. Cason, 74 N.C. 9. *Page 15